**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MARGARET E. FINAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-361 RLW |
| | ) | |
| ACCESS CARE GENERAL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Thomas M. Finan initiated this proceeding by filing a motion to proceed in forma pauperis ("IFP") and a motion for appointment of counsel, both filed in the name of Margaret E. Finan "in care of Thomas M. Finan." Mr. Finan alleges he is the husband and guardian of Margaret E. Finan, and that she is permanently disabled. Mr. Finan signed Mrs. Finan's name to the complaint, (ECF No. 1), filed on March 23, 2021, and filed an unsigned supplemental complaint (ECF No. 4), on April 20, 2021.[1]

After review of the pleadings and motions, the Court will order Thomas Finan to file a motion for appointment as next friend, along with a copy of his guardianship documents for Margaret Finan. Because Mr. Finan must file a motion to proceed as next friend on behalf of Mrs. Finan, and because the complaints are insufficient to state a claim upon which relief can be granted, the Court will deny the motion for appointment of counsel without prejudice at this time.

The Court will deny Mrs. Finan's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") without prejudice. The Court cannot determine at this

---

[1]Although Mr. Finan titles ECF No. 4 as a first amended complaint, it is a supplement to the March 23, 2021, complaint. The supplemental complaint violates Federal Rule of Civil Procedure 11(a) because it is not signed. As a result, it is subject to being stricken from the record pursuant to Rule 11(a). The Court will not order it stricken because the plaintiff is being ordered to file an amended complaint that will replace the original and supplemental complaints.

time if the motion was filed by Mr. Finan with the legal authority to do so on Mrs. Finan's behalf. In addition, the supplemental complaint states that money was taken from "[Mrs. Finan's] trust fund" (ECF No. 4 at 4), but the IFP Motion does not list a trust fund or provide any financial information concerning it.  The Court will require Plaintiff Margaret Finan, or her legal guardian on her behalf, to either pay the $402 filing fee or file a new IFP Motion.  Any new IFP Motion must also include pertinent information concerning Mrs. Finan's trust fund.  Specifically, any IFP motion for Mrs. Finan must contain the following information: (1) the legal name of the trust, (2) the type of trust it is, including whether it is revocable or irrevocable, (3) the value of all assets held in the trust, and (4) the name of each grantor, trustee, and beneficiary of the trust.  If the trust is a Medicaid Asset Protection Trust, or similar, the IFP motion shall so state.

The Court will also require Mr. Finan to file an IFP Motion on his own behalf, because courts ordinarily consider the income and assets of the applicant and his or her close family members to be relevant to the determination of the applicant's indigence under 28 U.S.C. § 1915. See Lee v. Walmart Stores Inc., No 3:92-CV-465 AS, 1993 WL 316756 at *3-4 (N.D. Ind. Aug. 18, 1993) (collecting cases).

Plaintiff Margaret Finan, or her guardian on her behalf, will be required to file an amended complaint on a Court-provided form.  Because Mrs. Finan is incapacitated, if Mr. Finan files the amended complaint on her behalf, he must file a new motion for appointment of counsel simultaneously with the amended complaint.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  Id. at 679.  The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Barton v. Taber, 820 F.3d 958, 964 (8th Cir. 2016).  See also Brown v. Green Tree Servicing LLC, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a self-represented plaintiff's complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.  Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented complaints are required to allege facts which, if true, state a claim for relief as a matter of law.  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).  See also Stone v. Harry, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").  In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel.  See McNeil v. United States, 508 U.S. 106, 113 (1993).

**The Complaint and Supplemental Complaint**

The complaint states that Thomas Finan is suing defendants on behalf of his wife, Margaret

Finan, who is incapacitated and resides at Delmar Gardens West nursing home.  (ECF No. 1 at 2.)

Mrs. Finan sustained a ruptured brain aneurysm in 2001.  (ECF No. 4 at 2.)  The complaint names

two entities as defendants in this action: Access Care General, LLC, and Serent Capital.  The

complaint states that Access Care General is a "Portfolio Company" of Serent Capital.  It alleges:

> Access Care General (ACG), LLC operates as an insurance company, who also acts
> as a health care provider.  The company hires its own staff of dentists & other
> support [sic] oral health support staff and is expanding into other areas of nursing
> home based health care.  ACG has represented themselves as "Senior Dental Care"
> to Margaret E. Finan.

(ECF No. 1 at 7.)

The complaint asserts that Margaret ("Peggy") Finan had an insurance policy with Access

Care General, LLC in 2020.  It asserts that "AGC knew of Peggy Finan's permanent disability

condition, agreed to provide indefinite disability accommodations supported by Medicaid

funding," and "[d]ue to Covid-19 circumstances, Peggy Finan had submitted a request to transfer

unused 2020 policy coverage limits to 2021 & had also already renewed her 2021 policy."  (ECF

No. 1 at 9.)  It asserts that ACG initiated "policy-disability" accommodation cancellations in

violation of the Americans with Disabilities Act (ADA).  (Id.) The complaint alleges that Mrs.

Finan was told ACG's hired dentists decided, without Mr. Finan being present, that she was

incapable of having any treatment done while she was conscious at the nursing home, although

this is not true.  (Id. at 9, 11.)  The complaint states that in January 2021, ACG declared it would

eliminate off-site comprehensive care disability accommodation at the end of 2021.  (Id. at 9.)  It

also alleges that AGC canceled Mrs. Finan's policy without notification, but continued to collect

premiums, reinstated the policy, and failed to implement agreed-upon disability accommodations.

(Id.)  It asserts that Mrs. Finan is a "qualified individual with a disability & is vulnerable to acts of both disability and perceived disability discrimination."  (Id. at 11.)

On April 23, 2021, Mr. Finan attempted to supplement the original complaint to add three additional defendants: Sleep Dentistry–St. Louis, LLC d/b/a The Dental Anesthesia Center; Victoria Daugherty, DDS; and Michael Hoffman, DDS.  (ECF No. 4 at 1-2.)  He also includes additional factual allegations.  The supplemental complaint states that Access General Care paid for the Dental Anesthesia Center to provide dental treatment at Mercy Hospital for Mrs. Finan in January of 2021.  (Id. at 3.)  It claims that after the outpatient hospital procedure, Dental Anesthesia Center dentists Victoria Daugherty and Michael Hoffman made the decision that Mrs. Finan was too medically compromised to receive Dental Anesthesia Center's care.  (Id. at 4.)  The supplemental complaint asserts this is a violation of the ADA.  (Id. at 3.)  The supplemental complaint also alleges that during the January 2021 procedure, Dr. Daugherty contacted Mr. Finan about payment being due immediately, and Dental Anesthesia Center "without authorization – secured the $ amount of Peggy's trust fund ' while Peggy was still in the operating room."  (Id. at 4.)

The complaint seeks monetary damages, reinstatement of the ACG policy, and to "deter future discriminatory practices."  (ECF No. 1 at 8.)

**A.  The Complaint and Supplemental Complaint are Subject to Dismissal as Written**

Mr. Finan has filed this action on behalf of his incapacitated wife.  He alleges he is pursuing this case as her guardian.  As set forth below, Mr. Finan will be required to file a motion to proceed as next friend for Mrs. Finan to pursue this case on her behalf.  See Fed. R. Civ. P. 17(c).  Mrs. Finan will be required to file a new IFP Motion.  Mr. Finan will also be required to file an IFP Motion on his own behalf.  28 U.S.C. § 1915.

Despite these issues, the Court will review the pleadings as they currently exist for frivolousness, maliciousness, and for failure to state a claim.

The complaint and supplemental complaint (collectively referred to hereinafter as the "complaint") assert claims under the Americans with Disabilities Act ("ADA"); Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116; and HIPPA (the Health Insurance Portability and Privacy Act of 1996).  (ECF No. 1 at 4.)  The complaint's factual assertions allege disputes with Access General Care and its parent company, Serent Capital, as well as treatment provider Dental Anesthesia Center and two of its dentists, relating to Mrs. Finan's dental care under a policy.

This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331.  The complaint alleges that Mrs. Finan's rights were violated under the ADA, the Affordable Care Act, and HIPPA, but even when liberally construed it does not state a claim for relief under any of these federal statutes.

With respect to the ADA, the complaint does not identify which Title of the ADA provides the right of action for the claims set forth.  It does not include sufficient factual allegations to permit the Court to consider the complaint within the proper legal framework, in order to determine if it states a claim under any portion of the ADA.  See Solomon, 795 F.3d at 787.  The complaint's conclusory allegation that the defendants' actions violated the ADA is insufficient to state a claim upon which relief may be granted.

Section 1557 of the Affordable Care Act states that an individual:

> shall not, on the ground prohibited under title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.), title IX of the Education Amendments of 1972 (20 U.S.C. 1681 et seq.), the Age Discrimination Act of 1975 (42 U.S.C. 6101 et seq.), or section 504 of the Rehabilitation Act of 1973 (29 U.S.C. 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity .... The enforcement mechanisms provided for and available under such title VI, title IX, section 504, or such Age Discrimination Act shall apply for purposes of violations of this subsection.

42 U.S.C. § 18116(a).  The Eighth Circuit Court of Appeals does not appear to have addressed the issue, but a number of district courts have concluded that § 1557 provides a private right of action.  See, e.g., Briscoe v. Health Care Service Corp., 281 F.Supp.3d 725, 737 (N.D. Ill. 2017) (citing cases).  The complaint does not identify which of the several prohibited grounds of Section 1557 the defendants violated, however, or allege facts specifying how the defendants violated Section 1557.  The Court will not assume facts that are not alleged.  Stone, 364 F.3d at 914-15.  The complaint merely alleges the conclusion that the statute was violated.  This is insufficient to state a claim upon which relief may be granted.[2]

Finally, it is well established that HIPAA does not create a private right of action.  Trone Health Servs., Inc. v. Express Scripts Holding Co., 974 F.3d 845, 851 (8th Cir. 2020) (quoting Dodd v. Jones, 623 F.3d 563, 569 (8th Cir. 2010)).  The complaint therefore does not state a claim under HIPPA upon which relief can be granted.

Because the complaint alleges that Mrs. Finan is incapacitated, and Mr. Finan is pro se, the Court will allow Mr. Finan time to file a motion for appointment of next friend on Mrs. Finan's behalf.  Mr. Finan will also be allowed to file an amended complaint on a Court-provided form, as directed to file his own IFP Motion and a new IFP Motion on behalf of Mrs. Finan (or the pay the $402 filing fee), and file a motion for appointment of counsel on behalf of Mrs. Finan.

**B.  Mr. Finan Must File Motions for Next Friend and Leave to Proceed IFP**

Federal Rule of Civil Procedure 17 authorizes an individual to sue on behalf of an incapacitated person as a next friend.  Fed. R. Civ. P. 17(c)(1).  An individual seeking to act as a next friend must: (1) "provide an adequate explanation—such as inaccessibility, mental

---

[2]An individual who believes she was discriminated against on one of the bases protected by ACA Section 1557 may also file a complaint with the Office for Civil Rights (OCR) at the U.S. Department of Health and Human Services.  See https://www.hhs.gov/civil-rights/for-individuals/section-1557/index.html (last visited Mar. 1, 2022).

incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990).  Courts require "that a 'next friend' . . . have some significant relationship with the real party in interest." Id. at 163-64.  The potential next friend has the burden to clearly establish that he is a proper next friend. Id. at 164.

Mr. Finan alleges he is his wife's guardian and that he may pursue actions in her interests. The Court takes judicial notice that Missouri Case.Net shows Margaret Finan applied for conservatorship on or about November 21, 2007.  In re Margaret Finan, No. 07PS-PR03178 (21st Jud. Cir., Probate Div., State of Missouri)  Frank D. Keefe and Thomas M. Finan were appointed successor *co-guardians* of Mrs. Margaret Finan On October 27, 2009.  (Id.)

Although Mr. Finan appears to have been named Mrs. Finan's co-guardian, to pursue this lawsuit on her behalf, he must file a motion to proceed as next friend pursuant to Federal Rule of Civil Procedure 17(c).  In addition, he must file a copy of his current guardianship papers as an attachment to the motion for next friend, to show he is authorized to file suit on Mrs. Finan's behalf and that any co-guardian's participation is not required.

Further, because Mr. Finan is not an attorney he may not represent someone else in Federal Court.  28 U.S.C. § 1654, Ali ex rel. Alexander v. Kismal, 2021 WL 2588874, at *1 (E.D. Mo. June 24, 2021) (citing Lewis v. Lenc-Smith Mfg. Co., 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court)).  As a result, Mr. Finan must file a new motion for appointment of counsel after filing his motion for next friend.

### C. Instructions for Amending the Complaint

Mrs. Finan, or a guardian on her behalf, will be required to amend her complaint on a Court-provided form to state a claim for relief.  The amended complaint will completely replace the original and supplemental complaints, and these may not be incorporated into the amended complaint by reference.  See, e.g., In re Wireless Tel. Federal Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005).  The amended complaint will be the only complaint this Court reviews pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, and for failure to state a claim.

Plaintiff must submit the amended complaint on the Court-provided form, and must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10.  Rule 8 requires a plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise, and direct.  Rule 10 requires a plaintiff to state the claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.  Plaintiff must type, or very neatly print, the amended complaint.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent the plaintiff knows it, of the defendant or defendants plaintiff wants to sue. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to each claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name.  In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting each claim or claims against the defendant.   If plaintiff is suing more than one defendant, she should proceed in the same manner with each one, separately writing each defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting her claim or claims against that defendant.  Plaintiff should only include claims that arise out of the same transaction or occurrence or, more simply put, claims that are related to each other.  See

9

Fed. R. Civ. P. 20(a)(2).  Alternatively, plaintiff may choose a single defendant, and set forth as many claims as she has against him or her.  See Fed. R. Civ. P. 18(a).  Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Plaintiff must list the relief sought in this matter.  Finally, the amended complaint must be signed by plaintiff or her legally authorized guardian(s), pursuant to Federal Rule of Civil Procedure 11.[3]

### D.  Motion for Appointment of Counsel

Mr. Finan has signed a motion for appointment of counsel on plaintiff Margaret Finan's behalf.  There is no constitutional or statutory right to appointed counsel in civil cases.  Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984).  In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting her claim for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex.  See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

As stated above, at this time, the complaint and supplemental complaint are subject to dismissal for failure to state a claim.  Further, Mr. Finan has not filed a motion to proceed as Mrs. Finan's next friend.  As a result, the Court must deny the motion for appointment of counsel. Because Mr. Finan may not represent Mrs. Finan in this matter as a pro se litigant, after an amended

---

[3]The complaint and supplemental complaint identify only federal claims, but include allegations of the citizenship of some (but not all) of the parties and a statement that the amount in controversy is more than $75,000.  To the extent Plaintiff seeks to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, she must allege a state law claim, facts to establish the citizenship of every party to the action, and allegations to establish that the amount in controversy exceeds $75,000.

complaint is filed, he must also file a new motion for appointment of counsel if he wishes to pursue this action as her guardian on her behalf.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Margaret E. Finan's motion to proceed in forma pauperis [ECF No. 2] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that by **March 31, 2022**, Mr. Thomas Finan shall file a motion to proceed as next friend for Mrs. Margaret E. Finan, pursuant to Federal Rule of Civil Procedure 17(c).  In support of his motion for next friend, Mr. Finan must attach the most recent order or judgment from Missouri State Court authorizing the appointment of guardianship on behalf of Mrs. Margaret Finan.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**.  Mr. Finan must file a new motion for appointment of counsel by **March 31, 2022**.

**IT IS FURTHER ORDERED** that **by March 31, 2022**, Mr. Thomas Finan shall file a fully completed Application to Proceed in District Court Without Prepaying Fees or Costs, on his own behalf.

**IT IS FURTHER ORDERED** that by **March 31, 2022**, Mrs. Margaret E. Finan must file a fully completed Application to Proceed in District Court Without Prepaying Fees or Costs that shall include the following information concerning her trust fund: (1) the legal name of the trust, (2) the type of trust it is, including whether it is revocable or irrevocable, (3) the value of all assets held in the trust, (4) the names of each grantor, trustee, and beneficiary of the trust; and (5) whether the trust is a Medicaid Asset Protection Trust or similar.

**IT IS FURTHER ORDERED** that by **March 31, 2022**, plaintiff shall file an amended complaint on a Court-provided form in accordance with the instructions set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk is directed to send Mr. Thomas Finan two Applications to Proceed in District Court without Prepaying Fees or Costs forms, a Civil Complaint form (non-prisoner), and a form motion for appointment of counsel.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply timely and fully with this Order, the Court will dismiss this action without prejudice.


*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this <u>1st</u> day of March, 2022.