**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARGARET E. FINAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-361 RLW |
| ) | |
| ACCESS CARE GENERAL, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. On March 1, 2022, the Court issued an Order that, among other things, ordered Mr. Thomas Finan, Plaintiff's husband, to complete and file on his own behalf an Application to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 5 at 12). The Court explained that "courts ordinarily consider the income and assets of the applicant and his or her close family members to be relevant to the determination of the applicant's indigence under 28 U.S.C. § 1915." *Id.* at 2 (cited case omitted). The Order also provided the option for Plaintiff, or her legal guardian on her behalf, to pay the $402 filing fee. *Id.* at 2. The Order cautioned that "if plaintiff fails to comply timely and fully with this Order, the Court will dismiss this action without prejudice." *Id.* at 12.

Mr. Finan did not complete the appropriate Court form that was sent to him with the Order of March 1, 2022. Instead, he filed a self-prepared "Application to Proceed in District Court Without Prepaying Fees or Costs Serving as Next Friend" (ECF No. 9) on April 4, 2022. Mr. Finan's "Application" fails to provide the required information about his assets and liabilities. It states: "Thomas Finan doesn't have the financial resources to commit to supporting this lawsuit attorney fees-paying fees [sic] or costs nor is there any financial benefits to gain for himself, other

than a will to help his wife & others like her through this action." *Id.* at 1. Mr. Finan attached the Court's form application to his "Application," but wrote "See motion request" in place of answering the questions. *Id.* at 2-3. Mr. Finan also attached a 2001 state court order under which Mrs. Finan is to pay the entire amount of her monthly income to Mr. Finan, which the order deems Mr. Finan's community spouse monthly income allowance under 42 U.S.C. § 1396r-5(d)(5).[1] *Id.* at 4-5. Mrs. Finan's monthly income at the time was $0. *Id.* at 5. Mr. Finan also attached a 2002 state court order that placed certain marital property in Mr. Finan's name only, including real property, two checking accounts, and other identified assets. *Id.* at 6-7.

Mr. Finan's "Application" is insufficient. As a close family member, Mr. Finan's income and assets are relevant to determining whether Mrs. Finan can pay the filing fee, notwithstanding Mrs. Finan's eligibility for medical assistance. The Court cannot discern from Mr. Finan's "Application" his income, savings, cash, or other assets, which is basic information that is required on the Court's form.[2] Simply put, Mr. Finan has failed to comply with the Court's Order.

Mr. Finan's self-represented status does not excuse him from his obligations to comply with Court Orders. *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."). Litigants do not have "the power to adjudge the validity of orders to which they are subject." *Chicago Truck Drivers, Helpers and Warehouse Workers Union Pension Fund v. Brotherhood Labor Leasing*, 207 F.3d 500, 504 (8th

---

[1]This section is titled, "Treatment of income and resources for certain institutionalized spouses," and relates to the determination of "eligibility for medical assistance of an institutionalized spouse[.]" 42 U.S.C. § 1396r-5(a)(1). Under the statute, for "any month in which an institutionalized spouse is in the institution, . . ., "no income of the community spouse [i.e., Mr. Finan] shall be deemed available to the institutionalized spouse." *Id.* § 139r4-5(b)(1).

[2]The Court takes judicial notice of the $677,275.61 Judgment entered in Mr. Thomas Finan's favor on April 21, 2008, in *Finan v. Good Earth Tools, Inc., et al.*, Case No. 4:06-CV-878 CAS (E.D. Mo.) (ECF No. 97).

Cir. 2000). In addition, Mr. Finan's inability or unwillingness to comply with the Court's Order is relevant to the determination of whether he is a qualified person to serve as Margaret Finan's next friend.

As stated in the March 1, 2022 Order, Mr. Finan's financial information is necessary for the Court to determine whether Plaintiff Margaret Finan's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 10) should be granted or not. When assessing an application to proceed *in forma pauperis*, the Court can consider "the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." *Fridman v. City of New York*, 195 F.Supp.2d 534, 537 (S.D.N.Y. 2002) (citations and internal quotation marks omitted). Whether a litigant can pay the costs of the proceeding depends in part on whether the litigant can obtain funds from a spouse, parent, adult sibling, or next friend. *See Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *see also Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (per curiam) (finding that funds "derived from family sources" are relevant to IFP determination); *Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969, at *1 (N.D. Ill. Sept. 26, 2003) ("In evaluating the funds available to in forma pauperis movants, courts may consider the income or resources of interested persons, such as spouses and parents.") (citations omitted)).

The Court will order Mr. Finan to show cause in writing why it should not deny Margaret Finan's motion for leave to proceed *in forma pauperis*, based on his failure to comply with the Court's Order and provide information necessary for the Court's determination. Mr. Finan's response should not address the merits of Margaret Finan's motion for leave to proceed *in forma pauperis*, but rather Mr. Finan shall address why he failed to provide his financial information, as he was ordered to do. Alternatively, Mr. Finan may submit a fully completed and accurate

Application to Proceed in District Court Without Prepaying Fees or Costs for the Court's consideration, or he may pay the $402 filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Mr. Thomas Finan shall show cause in writing, by **July 1, 2022**, why Plaintiff Margaret Finan's motion for leave to proceed *in forma pauperis* should not be denied as a result of his failure to submit a completed application to proceed *in forma pauperis* on his own behalf, in compliance with the Court's Order of March 1, 2022. Alternatively, Mr. Finan may file a fully completed and accurate Application to Proceed in District Court Without Prepaying Fees or Costs, on his own behalf, or pay the $402 filing fee, by **July 1, 2022**.

**IT IS FURTHER ORDERED** that if Mr. Thomas Finan does not comply fully and timely with this Order, the Court will deny Plaintiff Margaret Finan's motion for proceed *in forma pauperis* and order her to pay the filing fee.

_/s/ Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of June, 2022.