**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| MARGARET E. FINAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-361 RLW |
| | ) | |
| ACCESS CARE GENERAL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Mr. Thomas Finan's response (ECF No. 12) to the Court's Memorandum and Order dated June 21, 2022. (ECF No. 11). The Court will take this opportunity to consider several pending motions in this case.

**I.  Background**

On March 1, 2022, the Court issued an Order that, among other things, ordered Mr. Finan—husband of Plaintiff Margaret Finan—to complete and file on his own behalf an "Application to Proceed in District Court Without Prepaying Fees or Costs." (ECF No. 5 at 12). The Court explained that "courts ordinarily consider the income and assets of the applicant and his or her close family members to be relevant to the determination of the applicant's indigence under 28 U.S.C. § 1915." *Id.* at 2 (citation omitted). The Order also provided the option for Plaintiff, or her legal guardian, to pay the $402 filing fee. *Id.* at 2. The Order cautioned that "if plaintiff fails to comply timely and fully with this Order, the Court will dismiss this action without prejudice." *Id.* at 12.

Mr. Finan did not complete the appropriate form that the Court sent to him with its March 1, 2022 Order. Instead, he filed a self-prepared "Application to Proceed in District Court Without

Prepaying Fees or Costs Serving as Next Friend." (ECF No. 9). After careful review of Mr. Finan's "Application," the Court determined that Mr. Finan failed to comply with the Court's Order because he did not disclose his income, savings, cash, or other assets as required by the form. (ECF No. 11). As a result, on June 21, 2022, the Court ordered Mr. Finan to either: (1) show cause in writing why Plaintiff's motion for leave to proceed *in forma pauperis* should not be denied due to Mr. Finan's failure to submit a completed application; or (2) pay the $402 filing fee. *Id.* Mr. Finan paid the filing fee and responded to the Court's Order on July 1, 2022. (ECF No. 12).

**II.   Mr. Finan's Motion for Hearing (ECF No. 12)**

In his response to the Court's Order of June 21, 2022, Mr. Finan continues to argue, despite the Court stating otherwise, that his financial information is not relevant to Mrs. Finan's Motion for Leave to Proceed *in Forma Pauperis*. Mr. Finan requests a hearing "if the Court elects to deny or intends to deny proceeding *in forma pauperis* for any reason[.]" (ECF No. 12). As explained below, Mr. Finan rendered the issue moot when he paid the filing fee in this case. Thus, the Court will deny Mr. Finan's Motion for Hearing. (ECF No. 12).

**III.  Mrs. and Mr. Finan's Motions for Leave to Proceed in Forma Pauperis (ECF Nos. 9 & 10)**

Because Mr. Finan has paid the filing fee in this action, the Court will also deny as moot his and Mrs. Finan's motions to proceed *in forma pauperis*. (ECF Nos. 9 & 10). *See Conlin v. Lawson*, No. 4:21-CV-1287-MTS, 2021 WL 5492884, at *1 (E.D. Mo. Nov. 23, 2021) ("Because petitioner has paid his filing fee, the Court will deny as moot his motion to proceed *in forma pauperis*.").

**IV.   Mrs. Finan's Motion to Appoint Counsel (ECF No. 7)**

There is no constitutional or statutory right to appointed counsel in civil cases. *Patterson v. Kelley,* 902 F.3d 845, 850 (8th Cir. 2018). But under 29 U.S.C. § 1915(e)(1), the Court "may

2

request an attorney to represent any person unable to afford counsel." That provision, however, is no longer applicable in this case because Mr. Finan has paid the filing fee. *Cf. Raiser v. Kono,* 245 F. App'x 732, 735 n. 2 (10th Cir. 2007) ("[B]ecause Mr. Raiser was not proceeding in forma pauperis in the district court, 28 U.S.C. § 1915 (e)(2)(B) is inapplicable."); *Howard v. Sturm*, No. 4:18-CV-2024-SNLJ, 2019 WL 2492182, at *1 (E.D. Mo. June 14, 2019) (finding the three-strike provision of § 1915(g) inapplicable where plaintiff had paid the filing fee). The Court will deny Mrs. Finan's Motion to Appoint Counsel (ECF No. 7).

## V. Mr. Finan's Motion to Proceed as Next Friend (ECF No. 8)

From the record, it appears to be undisputed that Mrs. Finan is incapacitated and incompetent to proceed in this matter on her own behalf. Federal Rule of Civil Procedure 17(c) provides for the appointment of a next friend to protect the interests of an incompetent party to litigation. Fed. R. Civ. P. 17(c)(1). The Rule states, in relevant part, that a general guardian may sue or defend on behalf of the incompetent person. *Id.* An individual seeking to act as a next friend must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on [her] own behalf to prosecute the action," and (2) "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). Courts require "that a 'next friend' . . . have some significant relationship with the real party in interest." *Id* at 163-64. The potential next friend has the burden to clearly establish that he is a proper next friend. *Id.* at 164.

Mr. Finan alleges that he is his wife's guardian and that he may pursue actions in her interests. The Court has already taken judicial notice of Mrs. Finan's state-court guardianship proceeding. *In re Margaret Finan¸* No. 07PS-PR03178 (21st Jud. Cir., Probate Div., State of Missouri). In that proceeding, the Missouri Department of Health and Senior Services filed a Petition for Appointment of Guardian and Conservator of Mrs. Finan in the Probate Division of

3

the St. Louis County Circuit Court. (*Id.*, Pet., Nov. 21, 2007). Plaintiff's daughter, Sara Finan, then filed a Cross-Petition for Appointment of Guardian and Conservator that nominated herself as guardian and conservator. (*Id.*, Cross-Pet., Dec. 17, 2007). The court appointed Sara Finan as guardian on January 17, 2008. (*Id.*, Judgment, Jan. 17, 2008). Ten months later, Sara Finan filed a Motion for Substitution of Guardian. (*Id.*, Mot.*,* Nov. 13, 2008). After several continuances over the next year, the court appointed Mr. Finan and Frank Keefe as co-guardians, noting that Mr. Keefe would be "designated as primary and final decision maker for medical care and treatment decisions." (*Id.*, Judgment, Settlement Agreement, October 27, 2009).

It is unclear from the pleadings in the guardianship proceeding whether Mr. Finan may act independently as Mrs. Finan's guardian in this matter, especially because this case involves questions regarding Mrs. Finan's medical care and treatment. Based on the record, the Court cannot conclude that Mr. Finan has the authority to serve as a representative for Mrs. Finan independent of the co-guardian. For that reason, the Court finds that Mr. Finan has not carried his burden to establish that he is a proper next friend. *See Whitmore*, 495 U.S. at 163. Thus, the Court will hold Mr. Finan's Motion to Proceed as Next Friend (ECF No. 8) in abeyance and order Mr. Finan to file a supplement to his motion. In his supplement, Mr. Finan shall set forth his position as to whether he can act independently as a guardian for Mrs. Finan in this case. If Mr. Finan takes the position that he can, he must attach supporting documentation to his supplement, which may include: (1) an affidavit or declaration by Mr. Keefe stating that Mr. Finan may act independently in this case, or (2) a court order establishing that Mr. Finan may act independently in this case. Otherwise, Mr. Finan may withdraw his motion and/or file a joint motion with Mr. Keefe.

## VI.   Conclusion

For the foregoing reasons, the Court will deny Mrs. Finan's Motion to Appoint Counsel (ECF No. 7) and Motion for Leave to Proceed *in Forma Pauperis*. (ECF No. 10). The Court will also deny Mr. Finan's Motion to Proceed *in Forma Pauperis* (ECF No. 9), and Motion for Hearing. (ECF No. 12). The Court will hold Mr. Finan's Motion to Proceed as Next Friend in abeyance. (ECF No. 8).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Margaret Finan's Motion to Appoint Counsel (ECF No. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that Mrs. Finan's Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 10) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Mr. Thomas Finan's Motion to Proceed *in Forma Pauperis* (ECF No. 9) and Motion for Hearing (ECF No. 12) are **DENIED** as moot.

**IT IS FINALLY ORDERED** that Mr. Finan's Motion to Proceed as Next Friend (ECF No. 8) is **HELD IN ABEYANCE**. Consistent with the terms of this Memorandum and Order, on or before August 19, 2022, Mr. Finan shall file a supplement to his motion, with documentation, setting forth his position as to whether he can proceed independently as guardian of Mrs. Finan in this matter. Alternatively, Mr. Finan may file a joint motion with Mr. Franke Keefe on or before August 19, 2022. Failure to comply with the terms of this Memorandum and Order will result in the denial of Mr. Finan's Motion to Proceed as Next Friend.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of August, 2022.