UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGARET E. FINAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-361 RLW |
| ) | |
| ACCESS CARE GENERAL, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Mr. Thomas Finan's Response to Motion to Proceed as Next Friend (ECF No. 15), which the Court interprets as a motion for extension of time to comply with its August 5, 2022 Order. The Court will grant the motion and give Mr. Finan an additional 14 days to comply.[1]

**Background and Discussion**

On March 1, 2022, the Court issued a decision that, among other things, ordered Mr. Finan—husband of Plaintiff Margaret Finan—to complete and file on his own behalf an "Application to Proceed in District Court Without Prepaying Fees or Costs." (ECF No. 5 at 12). The Court explained that "courts ordinarily consider the income and assets of the applicant and his

---

[1] On August 29, 2022, Mr. Finan also filed with the Court a document titled: "Replacement Revision of Margaret E. Finan's response to the Court's M&O dated August 5, 2022 Grammar Editing – Other Corrections – Clarifications." (ECF No. 16). This document appears to be an attempt by Mr. Finan to amend or supplement his earlier response to the Court's Memorandum and Order. The filing of amendments or supplements requires leave of court, which Mr. Finan did not seek or receive. Furthermore, the document does not comply with the Local Rules of this Court as to formatting and length. *See* L.R. 2.01(A)(1) and 4.01(D). The Court will not strike this document from the record, but in the future, if Mr. Finan wishes to file an amended or supplemental document, he shall first seek leave to do so and attach thereto a copy of the proposed document. Additionally, all future filings must comply with the Local Rules regarding font size, line spacing, and length.

or her close family members to be relevant to the determination of the applicant's indigence under 28 U.S.C. § 1915." *Id.* at 2 (citing *Lee v. Walmart Stores Inc.*, No 3:92-CV-465 AS, 1993 WL 316756 at *3-4 (N.D. Ind. Aug. 18, 1993) (collecting cases)). The Order also provided the option for Plaintiff, or her legal guardian, to pay the $402 filing fee. *Id.* at 2. The Order cautioned that "if Plaintiff fails to comply timely and fully with this Order, the Court will dismiss this action without prejudice." *Id.* at 12.

Mr. Finan did not complete the form provided by the Court. Instead, he filed a self-prepared "Application to Proceed in District Court Without Prepaying Fees or Costs Serving as Next Friend." (ECF No. 9). After careful review of Mr. Finan's "Application," the Court determined that Mr. Finan failed to comply with the Court's Order because he did not disclose his income, savings, cash, or other assets as required by the form. (ECF No. 11). As a result, on June 21, 2022, the Court ordered Mr. Finan to either: (1) show cause in writing why Plaintiff's motion for leave to proceed in forma pauperis should not be denied due to Mr. Finan's failure to submit a completed application; or (2) pay the $402 filing fee. *Id.* Mr. Finan responded to the Court's Order on July 1, 2022 and submitted the filing fee on his wife's behalf. (ECF No. 12).

On August 5, 2022, the Court denied several pending motions but held in abeyance Mr. Finan's Motion to Proceed as Next Friend. (ECF No. 14). The Court determined it did not have sufficient information to rule on Mr. Finan's motion to proceed as next friend and ordered Mr. Finan to supplement his motion with additional documentation or file a joint motion with co-guardian Frank Keefe no later than August 19, 2022. *Id.* The Court explained that "[f]ailure to comply with the terms of this Memorandum and Order will result in the denial of Mr. Finan's Motion to Proceed as Next Friend." *Id.* Mr. Finan now asks the Court for an extension of time to supplement his Motion to Proceed as Next Friend. (ECF Nos. 15, 16). The Court will grant Mr. Finan an additional 14 days to respond to the Court's Order of August 5, 2022.

In Mr. Finan's response, and his "Replacement Revision," Mr. Finan attempts to raise several additional motions, including a motion to reconsider the denial of Mrs. Finan's motion to proceed in forma pauperis, a motion for appointment of counsel, a motion for a "disability accommodation hearing," a motion for a copy of the "case document file," a motion for the Court to report its conduct to the "JUDICIAL CONDUCT & OVERSIGHT GROUP," and a motion for recusal. (ECF No. 15, 16). In support of these requests, Mr. Finan claims that the Court engaged in an "entrapment scheme" to trick either Mrs. or Mr. Finan into paying the filing fee. *Id.*

Reality is rather more mundane. The Court ordered Mr. Finan to provide financial information that the Court deemed relevant to its determination of Mrs. Finan's motion for leave to proceed in forma pauperis. (ECF No. 5). Mr. Finan failed to comply with that Order in favor of his own interpretation of the law. Due to his noncompliance, the Court issued an order directing Mr. Finan to show cause why he failed to comply. (ECF No. 11). The Court also explained that Mr. Finan could instead complete an accurate Application to Proceed in District Court Without Prepaying Fees or Costs, or simply pay the filing fee. *Id.* Mr. Finan paid the filing fee, thereby mooting the motions for leave to proceed in forma pauperis and motion to appoint counsel. (ECF No. 14).

Mr. Finan now accuses the Court of ignoring "Medicaid law" and a "St. Louis County 2001 Court marital separation order." (ECF No. 16 at 1-2). He also claims that the Court ignored a ruling in a case filed in this District in 2006, *Finan v. Good Earth Tools*, 4:06-CV-171 CAS. The Court did not ignore that case nor did it find the 2001 marital separation order invalid. Rather, the Court did not address the 2001 marital separation order, or other prior rulings, because the Court did not take up Mrs. Finan's motion for leave to proceed in forma pauperis on the merits. The Court did

3

not take up the motion on the merits because Mr. Finan chose to pay the filing fee on his wife's behalf instead of disclosing his financial information.[2]

Mr. Finan believes that the law does not require him to disclose his financial information and that such information is irrelevant to Mrs. Finan's motion for leave to proceed in forma pauperis. Mr. Finan is welcome to make such arguments. Ultimately, however, it is the Court's role to decide what the law is and what information is relevant to a particular motion. Mr. Finan ignored the Court's Order in favor of his own interpretation of the law. The Court then gave Mr. Finan an additional opportunity to provide the information. Mr. Finan again declined and paid the filing fee instead. In doing so, Mr. Finan rendered several motions moot. The Court finds there is no basis to reconsider its past rulings on Mrs. Finan's motion to proceed in forma pauperis, motion for appointment of counsel, or motion for a hearing.

As for Mr. Finan's other requests—that the Court recuse itself from the case, report itself to the judicial conduct group and/or Department of Justice, and provide a copy of the case file— Mr. Finan provides no legal authority or factual bases for these requests. Accordingly, they are denied. The Court also denies Plaintiff's "new motion" that he be allowed 30 days to respond to all Court orders. (ECF No. 16 at 9).

## Conclusion

To the extent Mr. Finan seeks an extension of time to comply with the Court's Order dated August 5, 2022, the motion is granted. All other "motions" are denied.

---

[2] Mr. Finan also believes that it was fraudulent for the Court to state that he paid the filing fee. He suggests that the Court's phrasing is evidence of an elaborate scheme against him and his wife. Here again, reality is less interesting. The Court's statement merely reflects that Mr. Finan arranged for payment of the fee. It was the payment of the fee itself, not the bank account it came from, that resulted in the dismissal of several motions.

Accordingly,

**IT IS HEREBY ORDERED** that Thomas Finan's Response to Motion to Proceed as Next Friend (ECF No. 15), which the Court construes as, among other things, a motion for extension of time to comply with the Court's Memorandum and Order of August 5, 2022, is **GRANTED** in part. On or before September 28, 2022, Mr. Finan shall file a supplement to his Motion to Proceed as Next Friend (ECF No. 8) in accordance with terms of the Court's August 5, 2022 Order. (ECF No. 14). Alternatively, Mr. Finan may file a joint motion with Mr. Frank Keefe on or before September 28, 2022. Failure to comply with the terms of this Memorandum and Order will result in the denial of Mr. Finan's Motion to Proceed as Next Friend. No further extensions will be granted. All other motions contained in Mr. Finan's responses (ECF No. 15, 16) are **DENIED**.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 14th day of September, 2022.