**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| MARGARET E. FINAN, by and through her Next Friend THOMAS FINAN, ) ) ) Plaintiff, ) ) v. ) ) ACCESS CARE GENERAL, LLC, et al., ) ) Defendants. ) | No. 4:21-CV-361 RLW |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motions for recusal. (ECF Nos. 18 and 19). The Court will deny the motions for the reasons below. Plaintiff will be granted thirty (30) days for counsel to enter an appearance on her behalf.

**Background**

On September 16, 2022, Plaintiff filed two copies of her "Respectful Motion to Judge Ronnie L. White to Cooperate In Submitting This Motion Directed to a US US [sic] District Court-Judicial Conduct/Oversight Group" and her "Respectful Motion to Judge Ronnie L. White to voluntarily recuse himself from the case." (ECF Nos. 18 and 19). On October 26, 2022, the Court issued an order denying the former as moot and holding the latter in abeyance pending consideration by the Eighth Circuit of the Finans' judicial conduct complaints against this Court. (ECF No. 25).

On November 7, 2022, Eighth Circuit Chief Judge Lavenski Smith dismissed the Finans' allegations against this Court:

> Having reviewed the record, I conclude that to the extent that the judicial complaints challenge the district judge's orders, the allegations must be dismissed as "directly related to the merits of a decision or procedural ruling." 28 U.S.C. § 352(b)(1)(A)(ii); *accord*

> J.C.U.S. Rules 4(b)(1), 11(c)(1)(B). To the extent that the judicial complaints allege delay in rendering decisions, "[c]ognizable misconduct does not include an allegation about delay in rendering a decision or ruling, unless the allegation concerns an improper motive in delaying a particular decision or habitual delay in a significant number of unrelated cases." J.C.U.S. Rule 4(b)(2). Here, the complainants have alleged improper motive, but the record does not support the allegations.

*Opinion* at 5-6.

## Discussion

### I. Recusal

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Impartiality is judged objectively: "Would the average person, knowing the facts alleged by the part[y] seeking disqualification, question the Judge's impartiality, and, if so, would the question be reasonable?" *O'Bannon v. Union Pac. R.R. Co.*, 169 F.3d 1088, 1091 (8th Cir. 1999). Stated differently, the test is "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003); *see also Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 789 (8th Cir. 2009). If this test is not satisfied, judges have a duty to decide the cases and controversies which come before them. *See Perkins v. Spivey*, 911 F.2d 22, 28 (8th Cir. 1990); *see also Cheney v. U.S. Dist. Ct.*, 541 U.S. 913, 916 (2004) (Memo. of Scalia, J.).

Plaintiff's motions for recusal are without merit. As explained in this Court's previous orders, (ECF Nos. 17 and 25), and the Eighth Circuit's dismissal of the Finans' complaints, Plaintiff's allegations regarding the Court's alleged bias are conclusory and not supported by any facts. Previous adverse rulings are not evidence of bias. *Dossett v. First State Bank*, 399 F.3d 940, 952–53 (8th Cir. 2005) (concluding that adverse rulings "almost never" constitute a valid basis for recusal). As a result, Plaintiff's motions for recusal will be denied.

### II. Counsel

While the Court granted Mr. Finan's motion to act as Plaintiff's next friend in this case (ECF No. 25), a non-attorney cannot litigate on behalf of a pro se plaintiff. *See Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020) (non-attorney parents cannot litigate on behalf of their minor children); *see also Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) (next friends may not conduct litigation pro se). Next friend Mr. Finan will not be permitted to represent Plaintiff's interests in this action except through counsel. Accordingly, the Court will allow Plaintiff thirty days to obtain legal representation in this matter.

### Conclusion

Plaintiff's motions for recusal (ECF Nos. 18 and 19) are denied for the reasons stated above. Plaintiff, through her next friend, shall have thirty (30) days from the date of this order for an attorney to enter an appearance on her behalf.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Respectful Motion[s] to Judge Ronnie L. White to voluntarily recuse himself from the case" (ECF Nos. 18 and 19) are **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have until **January 18, 2023**, for counsel to enter an appearance on her behalf in this case. Failure to comply timely with this Order will result in the dismissal of this action without prejudice and without further notice.

*/s/ Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 19th day of December, 2022.